DECISION
Plaintiff-appellant, state of Ohio, appeals from a decision of the Franklin County Municipal Court dismissing the state's complaint against defendant-appellee, Angela Lucas.
The complaint against appellee charged her with a violation of R.C.4399.09 and contained the following allegations:
 Complainant, being duly sworn, states that the above named defendant, at Franklin County/Columbus, Ohio, on or about the 2nd day of July, 2001 did: KEEP A PLACE WHERE BEER OR INTOXICATING LIQUORS ARE SOLD, FURNISHED, OR GIVEN AWAY IN VIOLATION OF LAW TO WIT: ANGELA LUCAS ACTING AS THE KEEPER OF STEPHEN D LUCAS PERFORMANCE INC DOING BUSINESS AS NOE BIXBY SUNOCO WHILE MICHELLE POORE AN EMPLOYEE OR AGENT OF THE BUSINESS SOLD A 24 OZ CAN BUD LIGHT BEER FOR $1 37/00 TO A PERSON UNDER THE AGE OF TWENTY-ONE (21) TO WIT: A RELIABLE CONFIDENTIAL INFORMANT WITH A DATE OF BIRTH OF 8 11 82 BEING AGE 18 in violation of section 4399.09 O.R.C. [Ohio Revised Code], a Mis-demeanor of the UNCLASSIFIED degree.
R.C. 4399.09 provides, in pertinent part: "[n]o person shall keep a place where beer or intoxicating liquors are sold, furnished, or given away in violation of law." The complaint does not refer to R.C. 4301.69, which specifically prohibits the sale of alcohol to persons under the age of 21: "no person shall sell beer or intoxicating liquor to an underage person."
The parties appeared before the court for a record hearing on September 5, 2001. Counsel for appellee raised an oral motion to dismiss, arguing that the statute invoked in the complaint, R.C. 4399.09, was intended to apply only to bootleg-joints, after-hours clubs, and other nonpermit premises, and not to an establishment like appellee's place of business which according to counsel held a valid liquor permit. Counsel for appellee pointed out that the clerk who had actually sold beer to the confidential informant had herself been cited under R.C. 4301.69(A) for sale to a minor and paid a fine. Since the business and its employees were already subject to regulation and citation for violations of the more specific provisions of Ohio's comprehensive statutory scheme for regulation of alcohol sales as permit holders, counsel argued that it was inapposite to apply the general bootleg-joint statute to appellee as a "keeper."
The state responded to this statutory argument by pointing out that R.C. 4301.58, under the liquor statutes, specifically deals with bootleg-joints and undermines appellee's argument that R.C. 4399.09 would only apply to such nonpermit establish-ments.
The parties attempted to enter into a stipulation of facts so that the trial court could address the applicability of the statute to the complaint against appellee. However, the parties were unable to reach agreement as to the operative facts of the case and, thus, there were no stipulations entered. The state then proceeded to argue that any consideration of appellee's motion to dismiss would be premature in the absence of any stipulated facts or sworn testimony upon which to assess the applicability of the statute. The trial court nonetheless ruled in favor of appellee and granted the motion to dismiss, stating: "I honestly think they filed this under the wrong statute." (Tr. 19.)
Appellant has timely appealed and brings the following sole assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT SUSTAINED THE APPELLEE'S MOTION TO DISMISS THE CHARGES OF KEEPER OF A PLACE BASED ON THE ALLEGATIONS IN THE COMPLAINT WHEN THE COMPLAINT CONTAINED ALL THE MATERIAL ELEMENTS OF THE OFFENSE.
A motion to dismiss charges in an indictment or complaint tests the sufficiency of the charging instrument, without regard to the quality or quantity of evidence that may be produced by the state or defendant. State v. Patterson (1989), 63 Ohio App.3d 91, 95. The proper determination for the trial court when addressing such a pretrial motion is whether the allegations set forth in the charging instrument set forth offenses under the applicable and enumerated sections of Ohio law. It is premature to determine, in advance of trial, whether the state could satisfy its burden of proof with respect to those charges. Id; State v. Hood (2001), Franklin App. No. 01AP-90.
In the absence of any stipulation of fact or any evidence or sworn testimony establishing the facts of the case, we find that the trial court was not in a position to dismiss the complaint. In reaching this conclusion, however, we expressly take no position on the trial court's conclusion regarding the applicability of R.C. 4399.09 to permit-holding establishments, or the potential status of appellee as a "keeper." We restrict our holding to a determination that, in the absence of any admitted evidence which might define whether or not appellee could be found to be a "keeper," or even whether her establishment in fact held a liquor license at the time of the events which led to the charges, the trial court was not in the position to render a determination as to the applicability of the statute and, thus, the sufficiency of the complaint.
The state's assignment of error upon appeal accordingly has merit and is sustained. The judgment of the Franklin County Municipal Court is reversed and the matter remanded for further proceedings consistent with law and this decision.
Judgment reversed and cause remanded.
BRYANT and KLATT, JJ., concur.